UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STACY VEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10 C 2395 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES and | ) | Judge Blanche Manning |
| CENTERS FOR DISEASE CONTROL AND | ) | |
| PREVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF

Defendants United States Department of Health and Human Services and Centers for Disease Control and Prevention, by their attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for their answer to the complaint, state as follows:

### First Defense

The Privacy Act, 5 U.S.C. § 552a, provides no basis for jurisdiction or relief because the records at issue were not maintained in a Privacy Act system of records.

### Second Defense

Defendant, Centers for Disease Control and Prevention, is not a proper defendant under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) and (f)(1), and the court has no jurisdiction over that named defendant.

**Third Defense**

No responsive documents were improperly withheld because all responsive documents have been produced, and any redactions to those documents are permitted by exemptions to the Freedom of Information Act at 5 U.S.C. § 552(b).

**Fourth Defense**

The court has no subject matter jurisdiction over any challenge to the release of records maintained by the Food and Drug Administration because plaintiff has not exhausted her administrative remedies in regard to those records.

**Fifth Defense**

Answering the specific allegations of the complaint, defendants admit, deny, or otherwise aver as follows:

1.      **Complaint:**  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, for injunctive and other appropriate relief, and seeking the release of agency records requested by plaintiff, Stacey Vest, from defendants United States Department of Health and Human Services ("HHS") and Centers for Disease Control and Prevention ("CDC").

        **Response:** Defendants admit that plaintiff has filed suit pursuant to the FOIA and the Privacy Act, and seeks injunctive and other relief**.**  Defendant denies that plaintiff is entitled to the relief requested, or that defendants have improperly withheld any agency records.

2.      **Complaint:**  On or about August 8, 2008, plaintiff Stacey Vest submitted to defendants a FOIA request ("August 2008 Request" or "Request") seeking records relating to the

investigation of foodborne illness suffered by plaintiff on May 17, 2008.  (*See* August 8, 2008 letter, attached hereto as Exhibit 1).

      **Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding when the request was submitted; however, defendants admit that they received the request, dated August 8, 2008, and attached as Exhibit 1 to plaintiff's complaint, on September 9, 2008.  As to the remainder of the Paragraph 2, admit.

    3.    **Complaint:**  This request sought related records under the Privacy Act of 1974.

      **Response:**  Deny as the request was made solely pursuant to the Freedom of Information Act.  Additionally, defendants deny the allegations contained in Paragraph 3 because the records sought by plaintiff are not maintained in a Privacy Act system of records.

    4.    **Complaint:**  Plaintiff is entitled to the records she seeks.  Although more than 1 year and 8 months have passed since plaintiff filed the requests with the agencies, the defendants have produced only a small fraction of highly-redacted, largely incomprehensible records responsive to plaintiff's requests.  There is no basis for defendants' failure or refusal to respond to plaintiff's August, 2008 request regarding the investigation and scientific findings relating to her own illness.  FOIA and the Privacy Act give plaintiff the right to review these materials in a timely fashion without undue redactions.

      **Response:**  As to the first sentence, deny.  As to the second sentence, defendants admit that more than 1 year and 8 months have passed since August 8, 2008, the date of plaintiff's request for records.  Defendants deny that they have produced "only a small fraction of highly-redacted, largely incomprehensible records" and note that they have produced all records responsive

to plaintiff's request, but admit that many of the pages contain redactions.  As to the third sentence,

deny.  As to the fourth sentence, admit that FOIA provides any person with a right to obtain access

to federal agency records, except to the extent that such records are protected from public disclosure

by an exemption or exclusion.  Deny that the Privacy Act gives plaintiff the right to review these

materials, as the records are not maintained in a Privacy Act system of records.

5. **Complaint:** Plaintiff seeks an injunction requiring the defendant agencies to process

plaintiff's August, 2008 requests [sic], to release records that have unlawfully been withheld and

release records free of the undue and unlawful redactions that have rendered the tendered documents

incomprehensible.

**Response:** Admit that plaintiff seeks an injunction, but deny the remaining

allegations contained in Paragraph 5 and deny that plaintiff is entitled to any relief.

6. **Complaint:** This Court has subject matter jurisdiction over this action and personal

jurisdiction of the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(1)(D).  This

Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(1)(D).

**Response:** Admit that the cited statutory sections, except those referring to the

Privacy Act, 5 U.S.C. § 552a, support the jurisdiction of the court over the United States Department

of Health and Human Services and the subject matter of this case.  Defendants aver that the records

at issue do not come from a system of records, as defined by the Privacy Act, and therefore are not

subject to the Privacy Act.  Deny that the cited statutory sections support the court's jurisdiction over

the Centers for Disease Control and Prevention.

4

7.      **Complaint:**  Plaintiff Stacey Vest is an Illinois resident living at 1352 Sterling Avenue,  Palatine, Cook County, Illinois.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 7.  Defendants admit, however, that they wrote to Stacey Vest at 1352 Sterling Avenue, #103, Palatine, IL 60067 on June 5, 2009.

8.      **Complaint:**  Defendant HHS is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. §552(f)(1) and 5 U.S.C. §552a(e).

**Response:** Defendants admit the conclusions of Paragraph 8, except that the relevant definitional section of the Privacy Act is 5 U.S.C. §552a(a).  Defendants aver that the Privacy Act does not apply to this case.

9.      **Complaint:**  Defendant CDC is a multi-faceted agency within HHS with a mission area that includes protecting health and promoting quality of life through the prevention and control of disease, injury, and disability.  The CDC is an agency within the meaning of 5 U.S.C. §552(f)(1) and 5 U.S.C. §552a(e).

**Response:** Defendants admit the conclusions of the first sentence of Paragraph 9. Defendants deny the second sentence of Paragraph 9 because CDC is a component of HHS, not a federal agency.  Defendants note that the relevant definitional section of the Privacy Act is 5 U.S.C. §552a(a) and aver that the Privacy Act does not apply to this case.

10.     **Complaint:**  The August 2008 Request sought, among other things, all records relating to the investigation of plaintiff's illness, the testing of the plaintiff's blood and stool samples

and the testing of food products obtained from the suspected source restaurant.  (*See* August 8, 2008 letter, attached hereto as Exhibit 1).

      **Response:** Defendants deny that Paragraph 10 accurately describes the content of Exhibit 1.  Defendants aver that, in a letter dated August 8, 2008, plaintiff through counsel, sought medical and investigation records relating to a May 2008 illness.

11.    **Complaint:**  Plaintiff's Request was in conformance with the requirements for such requests set forth in the defendants' regulations.

      **Response:** Defendants admit that they treated the request dated August 8, 2008, and received on September 9, 2008, as a valid FOIA request (reference number 08-01401).

12.    **Complaint:**  Defendants failed to respond to plaintiff's Privacy Act request after 10 days and the FOIA request after 20 days as required by 5 U.S.C. §552a(d)(2)(A) and 5 U.S.C. §552(a)(6)(A).

      **Response:** Defendants deny the first clause of Paragraph 12 because there was no viable Privacy Act request submitted to defendants that required a response.  Defendants deny the second clause because they sent a letter in response to plaintiff's August 8, 2008 FOIA request on September 9, 2008, the same day that the request was received in the CDC FOIA office, and subsequently exercised due diligence in releasing records on February 27, 2009 and June 5, 2009. Defendants deny the remaining allegations contained in Paragraph 12.

13.    **Complaint:**  Defendants' failure to timely respond constituted a denial of the Requests under the respective Acts, and plaintiff timely appealed on September 10, 2008.  (*See* September 10, 2008 letters, attached hereto as Exhibits 2).

**Response:** Defendants deny the allegations contained in Paragraph 13 because they exercised due diligence in releasing records on February 27, 2009 and June 5, 2009. Specifically, defendants deny the second clause of Paragraph 13 because defendants have no record of any properly-filed appeal on plaintiff's behalf prior to June 23, 2009, and they therefore deny that Exhibit 2 of plaintiff's complaint is a true copy of a "timely appeal" submitted to HHS.

14.    **Complaint:**   On June 5, 2009 defendants provided plaintiff with 141 pages of documents. (*See* June 5, 2009 CDC response, attached hereto as Exhibit 3).

**Response:** Admit that defendants provided plaintiff, through counsel, with documents on June 5, 2009. Aver that defendants released the first 16 pages of these documents to plaintiff, through counsel, on February 27, 2009, in an interim response and re-released these pages with an additional 123 pages on June 5, 2009, in a final response to the August 8, 2008 request. Deny that Exhibit 3 of plaintiff's complaint is a true and accurate copy of defendants' response to plaintiff's August 8, 2008 request through counsel and note that it is a response to plaintiff's own inquiry of October 9, 2008, to which defendants also responded on June 5, 2009.

15.    **Complaint:**   After waiting almost 1 year for records relating to an investigation that had been completed 12 months earlier, the defendants provided records that were highly redacted, including a number of pages that were redacted in their entirety. In addition, the defendants claim that they have <u>withheld</u> another 2 pages without any description of those documents or stating a reason for withholding them.

**Response:**   Deny that defendants released records "almost 1 year" after receiving plaintiff's request and state that, in response to the August 8, 2008 request, defendants released

records to plaintiff through counsel on February 27, 2009 and June 5, 2009.   Deny that the investigation was completed 12 months before plaintiff's request was received and note that plaintiff fell ill in May 2008 and made her FOIA request through counsel in August 2008.   Admit that defendants released records, many of which were redacted.   Admit that defendants stated in the June 5, 2009 letter that 2 pages of documents were withheld but note that this statement was in error because all non-exempt pages within the control of the CDC were released by June 5, 2009.   The remaining 2 pages were records generated by the Food and Drug Administration (FDA) and plaintiff was provided the FDA's address to request those records in CDC's June 5, 2009, response.   The 2 FDA-generated pages have subsequently been released.

16.   **Complaint:** Defendants allege that the redactions were made to prevent "disclosure that would risk circumvention of an agency regulation or statute, impede effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk."   The defendants state that the deletions were made under the provisions of 5 U.S.C. §552(b)(2) of the Freedom of Information Act and 45 CFR 5.63 of the Department's implementing regulations.   In addition, the defendants state that "names and other information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, were deleted from these documents."   As authority for those deletions, the defendants cited 5 U.S.C. §552(b)(6) of the Freedom of Information Act and 45 CFR 5.67 of the Department's implementing regulations.   The defendants cite no bases for the redactions under the Privacy Act.   (*See* June 5, 2009 CDC response, attached hereto as Exhibit 3).

**Response:** Defendants admit the allegations in Paragraph 16.  Defendants answer further that there was no pending Privacy Act request for which they would need to "cite bases for the redactions."

17.   **Complaint:**  On June 15, 2009 plaintiff provided copies of the defendants' response to John James Farmer, III, Ph.D., Scientist Director, United States Public Health Service (Retired). Dr. Farmer served as senior scientist at the National Institutes of Health (NIH), Centers for Disease Control and Prevention (CDC), and as senior officer of the scientists corps, United State Public Health Service.  Dr. Farmer also served as Director of the World Health Organization's (WHO) National Laboratory for Enteric Bacteriophage Typing and has investigated thousand [sic] of foodborne illness outbreaks for the CDC.   Plaintiff has retained Dr. Farmer, in addition to a team of other renowned scholars who have devoted their careers to the investigation of Botulism, foodborne illness and food safety, in her quest to identify the source of the Botulism that rendered her completely disabled.

**Response:** Defendants admit that Dr. Farmer did, at one time, work for the Centers for Disease Control and Prevention.  As to the remaining allegations contained in Paragraph 17, defendants lack knowledge or information sufficient to form a belief about their truth.

18.   **Complaint:**  After working with the CDC and other federal governmental agencies for a number of years, Dr. Farmer is very familiar with the Freedom of Information Act and requests under [sic] seeking information about the CDC's foodborne illness outbreak investigations.  Dr. Farmer has opined that the defendants' made excessive, inaccurate and unlawful redactions that have made it difficult (and in some cases impossible) for him and plaintiff's assembled team of doctors

and scientists to accurately determine the CDC's epidemiological and laboratory findings in their investigations.  In addition, Dr. Farmer compared the defendants' response to other FOIA responses he has reviewed from the CDC where very little information was redacted.  (*See* June 23, 2009 affidavit of Dr. Farmer and comparable FOIA response, attached hereto as Exhibit 4).

**Response:** Defendants admit that, at one time, Dr. Farmer worked for the CDC.  As to the remaining allegations contained in Paragraph 18, including allegations regarding the authenticity of Exhibit 4, defendants lack knowledge or information sufficient to form a belief about their truth.

19.   **Complaint:**   On June 23, 2009 plaintiff appealed the defendants' excessive, unwarranted redactions to the Secretary of HHS, and included Dr. Farmer's affidavit and the CDC's response to a similar request where minimal redactions were made.  (*See* June 23, 2009 appeal, attached hereto as Exhibit 5).

**Response:** Admit that Exhibit 5 is a true and accurate copy of an appeal relating to FOIA Request No. 08-01401, dated June 23, 2009, that defendants received on June 30, 2009.  Defendants deny any remaining allegations contained in Paragraph 19.

20.   **Complaint:** Despite a number of telephone calls and correspondence to HHS to inquire as to the status of plaintiff's appeal, the defendants have not responded to the appeal in violation of FOIA and the Privacy Act.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that plaintiff made "a number of telephone calls and correspondence to HHS to inquire as to the status of plaintiff's appeal," as defendants have no way of ascertaining

10

what plaintiff considers "a number."   Defendants admit, however, that they received and responded to one email and four phone inquiries regarding the appeal between August and December 2009. Defendants deny the remaining allegations contained in Paragraph 20, except that they admit that no appeal decision in regard to FOIA No. 08-01401 has been issued as of this date.

21.    **Complaint:**  Plaintiff incorporates paragraphs 1 though 20 of this Complaint by reference, as if set forth fully herein.

**Response:**  Defendants repeat and incorporate by reference their responses to paragraphs 1 through 20 of the complaint.

22.    **Complaint:**  Defendants' failure or refusal to make promptly available the records sought by Plaintiff's Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and the corresponding agency regulations.

**Response:** Deny.

23.    **Complaint:**  As a result of the defendants' failure or refusal to make the records available, plaintiff is entitled to injunctive relief ordering defendants to make the requested documents available to plaintiff.  Plaintiff is also entitled to its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

**Response**: Deny.

24.    **Complaint:**  Plaintiff incorporates paragraphs 1 though 20 of this Complaint by reference, as if set forth fully herein.

**Response:** Defendants repeat and incorporate by reference their responses to paragraphs 1 through 20 of the complaint.

25.     **Complaint:** Defendants' failure to timely respond to plaintiff's Request violates the FOIA, 5 U.S.C. § 552(a)(6)(A), and the corresponding agency regulations.

**Response:** Deny.

26.     **Complaint:**  As a result of the defendants' failure or refusal to make the records available, plaintiff is entitled to injunctive relief ordering defendants to make the requested documents available to plaintiff.  Plaintiff is also entitled to its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

**Response:** Deny.

27.      **Complaint:**  Plaintiff incorporates paragraphs 1 though 20 of this Complaint by reference, as if set forth fully herein.

**Response**: Defendants repeat and incorporate by reference their responses to paragraphs 1 through 20 of the complaint.

28.     **Complaint:**  Defendants' failure or refusal to make reasonable efforts to search for records responsive to plaintiff's Request violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and the corresponding agency regulations.

**Response:** Deny.

29.     **Complaint:**  As a result of the defendants' failure or refusal to make the records available, plaintiff is entitled to injunctive relief ordering defendants to make the requested

documents available to plaintiff.  Plaintiff is also entitled to its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

     **Response:** Deny.

30.    **Complaint:**  Plaintiff incorporates paragraphs 1 though 20 of this Complaint by reference, as if set forth fully herein.

     **Response:** Defendants repeat and incorporate by reference their responses to paragraphs 1 through 20 of the complaint.

31.    **Complaint:**  Defendants' failure to timely respond to plaintiff's Request violates the Privacy Act of 1974, 5 U.S.C. § 552a(d), *et. seq.*, and the corresponding agency regulations.

     **Response:** Deny.

32.    **Complaint:**  Through its intentional and willful acts, the defendants' failed to comply with provisions of the Privacy Act, or rules promulgated thereunder, in such a way as to have an adverse effect on plaintiff in violation of 5 U.S.C. § 552a(g)(1)(D).

     **Response:** Deny.

33.    **Complaint:**  As a result of the defendants' failure to timely respond to plaintiff's request under the Privacy Act, plaintiff is entitled to injunctive relief ordering defendants to make the requested documents available to plaintiff.  Plaintiff is also entitled to its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552a(g)(2)(B).

     **Response:** Deny.

34.     **Complaint:**  As a result of the defendants' intentional and willful refusal to comply with the provisions of the Privacy Act, plaintiff is entitled to actual damages sustained by the plaintiff as a result of the refusal or failure, but in no case shall plaintiff receive less than the sum of $1,000.00; and the costs of the action together with reasonable attorney fees as determined by the court pursuant to 5 U.S.C. § 552a(g)(1), *et. seq.*

**Response:** Deny.

WHEREFORE, defendants request that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Abigail L. Peluso
    ABIGAIL L. PELUSO
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353.5342
    abigail.peluso@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF

was served on May 24, 2010, in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/ Abigail L. Peluso
ABIGAIL L. PELUSO
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353.5342
abigail.peluso@usdoj.gov